## DAKOTA COUNTY ENVIRONMENTAL PROTECTION ASSOCIATION, Appellant,

### v.

## MINNESOTA DEPARTMENT OF NATURAL RESOURCES, Respondent,

### Minnesota Department of Transportation, Respondent.

### No. 81–1268.

Supreme Court of Minnesota.

Aug. 13, 1982.

**758**

Stuurmans & Kelly, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., and A. W. Clapp III, Sp. Asst. Atty. Gen., St. Paul, for Minnesota Dept. of Natural Resources.

Warren Spannaus, Atty. Gen., William A. Caldwell and Eric B. Schultz, Sp. Asst. Attys. Gen., St. Paul, for Minnesota Dept. of Transp.

YETKA, Justice.

The Dakota County Environmental Protection Association (DCEPA)[1] sought judicial review pursuant to Minn.Stat. § 116B.10 (1980) of the findings and order of the commissioner of the Minnesota Department of Natural Resources (DNR) granting to the Minnesota Department of Transportation (DOT) a permit under Minn. Stat. § 105.42 (1980). The permit allows

for the alteration of public waters as part of the construction of a 3.5 mile segment of Interstate Highway 494 in northern Dakota County. The Ramsey County District Court granted DOT's motion to dismiss DCEPA's complaint for lack of subject matter jurisdiction. It is from that order for dismissal that DCEPA now appeals. We affirm.

In January 1981, public hearings were conducted in Eagan to determine whether DOT should be issued a permit under section 105.42 allowing for the alteration of public waters as described above. The City of Sunfish Lake was permitted to intervene pursuant to the Minnesota Environmental Rights Act, Minn.Stat. § 116B.09 (1980). DCEPA did not participate as a party in these proceedings.

On May 21, 1981, the commissioner of DNR adopted the hearing examiner's findings and recommendation and ordered that DOT be issued a permit for Design Alternative 1. The City of Sunfish Lake filed a petition for review of the final order of the commissioner of DNR on June 25, 1981, in Ramsey County District Court. On August 18, 1981, DCEPA filed in Ramsey County District Court its own complaint under Minn.Stat. § 116B.10 (1980) challenging that same order.

DOT moved to dismiss DCEPA's complaint on the basis of the court's lack of subject matter jurisdiction, alleging that the proper method to challenge the commissioner's order was through intervention under section 116B.09 (1980) in the pending matter rather than by direct action under section 116B.10. DOT's motion to dismiss was granted.

On November 17, 1981, DCEPA filed a notice of appeal from the order dismissing its complaint. On the same day, DCEPA also filed a complaint seeking leave to intervene in the pending district court matter. Permission to intervene was granted on December 4, 1981.

---

1. DCEPA is a non-profit, Minnesota corporation whose membership is composed of residents of Sunfish Lake, Mendota Heights, Inver Grove Heights, and Schmidt Lake in Dakota County.

The facts of this case, which are undisputed, present a single question of law regarding the relationship of two sections of the Minnesota Environmental Rights Act, Minn.Stat. § 116B.01–.13 (1980).

Appellant DCEPA argues that it would be prejudiced by the arguably narrower scope of judicial review under section 116B.09. We reject DCEPA's argument and hold that, under the Minnesota Environmental Rights Act, the scope of review for section 116B.09 is the preponderance of the evidence standard set forth in section 116B.10.

Affirmed.